**HENRY v. WEST et al.**

District Court, N. D. Mississippi, Delta Division.

May 2, 1931.

Maynard, Fitzgerald & Venable, of Clarksdale, Miss., for plaintiff.

Green, Green & Jackson, of Jackson, Miss., for defendants.

HOLMES, District Judge.

■ The plaintiff filed this action in tort in the state court seeking damages for the alleged wrongful death of his intestate. On petition of one of the defendants, a nonresident, alleging a fraudulent joinder and separable controversy, the case was duly removed to this court. A motion has been made by the plaintiff to remand it to the state court, to the hearing of which in vacation the defendants object, and the sole question necessary to be determined is whether it may be heard and decided by the judge at this time. There is no rule of court on the subject.

There are three divisions in the district, in each of which two terms of court are held annually at regular times fixed by statute. When the business of each division is concluded, the court is adjourned until court in due course of law. In nearly all of the other districts in the United States, outside of Mississippi, the courts are kept open at all times, from term to term, either by adjourning orders under section 12 of the Judicial Code (28 USCA § 16) or by the actual presence of a judge.

The Conformity Statute does not help toward a solution in favor of the judge's power so to act, because, under the state practice, the courts of law cannot dispose of any business in vacation except by consent, as well as for the reason that the federal statutes on the subject seem, by their language, to answer the question in the negative.

Section 28 of the Judicial Code (28 USCA § 71) provides that: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

Other sections of that act indicate that Congress had in mind a distinction between the court and the judge, and a recognition of periods of vacations between terms. For instance, section 58 of the Judicial Code (28 USCA § 119) provides that: "Any civil cause, at law or in equity, may, on written stipulation of the parties or of their attorneys of record signed and filed with the papers in the case, in vacation or in term, and on the written order of the judge signed and filed in the case in vacation or on the order of the court duly entered of record in term, be transferred to the court of any other division of the same district, without regard to the residence of the defendants, for trial."

Section 9 (28 USCA § 13) provides that courts of equity and admiralty shall be deemed always open for certain purposes, and, under the Bankruptcy Act, courts of bankruptcy are always open for all purposes, but no similar provision exists with reference to courts of law.

However, section 918 of the Revised Statutes (section 731, title 28, USCA) gives the District Courts power to "make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise [to] regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

Whether under this section the court during a term could make a rule providing for the hearing of motions to remand in vacation is not necessary to be decided, but it would seem that such a rule would tend to the advancement of justice and the prevention of delays in proceedings.

An order remanding a cause which has been removed is a judicial act of singular solemnity and binding effect, in that it is required to be "immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

I am therefore of the opinion that, in the absence of any rule of court on the subject promulgated during the term, the District Judge is without power to enter an order in vacation remanding an action at law to the state court from whence it was removed.

■ I am requested, in the alternative, to call a special term of court to dispose of the motion, but this is impracticable, as a special term, under section 11 of the Judicial Code (28 USCA § 15), must be held in the district in which the cause is pending, and I am now engaged in the disposition of business in the Southern District, and shall be for some time.